**Luther CAIN, Petitioner–Appellant,**

**v.**

**Howard PETERS and Roland Burris, Respondents–Appellees.**

No. 90–3737.

United States Court of Appeals, Seventh Circuit.

Submitted July 22, 1992.

Decided Aug. 11, 1992.

Rehearing Denied Sept. 14, 1992.

Luther Cain, pro se.

Nathan P. Maddox, Office of Atty. Gen., Criminal Appeals Div., Springfield, Ill., for respondents-appellees.

Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

During the proceedings leading to his trial for murder, Luther Cain asked the judge to replace his court-appointed attorney. Cain told the judge that he did not trust the public defender but could not articulate the reason. When the judge declined to appoint a new lawyer for him, Cain inquired whether he was entitled to represent himself. The judge said yes, and Cain stated: "I choose at this point in time to represent myself." This led the judge to deliver the usual warnings about the folly of rolling lawyer and client into one. Cain rejoined that he had nothing to lose because he was not "getting adequate representation".

Before discharging counsel, the judge sent Cain to see a psychiatrist. Counsel's request for a mental examination had been granted earlier, as counsel was concerned that Cain was not competent to stand trial. The psychiatrist reported that Cain was unfit for trial with the public defender as his representative but might well be able to assist in his defense with a lawyer from the private bar. Instead of throwing back this odd report and obtaining another—aversion to public defenders not being a recognized mental illness—the judge relieved the public defender and appointed a private attorney as Cain's lawyer.

Cain never again mentioned the possibility of self-representation. But his lawyer argued on appeal from his conviction that he had been denied the right recognized by *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See also, e.g., *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). The appellate court concluded that Cain acquiesced in representation by counsel at trial, and thus waived, by conduct, his right to represent himself. *People v. Cain,* 171 Ill.App.3d 468, 473, 121 Ill.Dec. 887, 890, 525 N.E.2d 1194, 1197 (4th Dist.), leave to appeal denied, 122 Ill.2d 581, 125 Ill.Dec. 224, 530 N.E.2d 252 (1988). The federal district court later denied Cain's petition for a writ of habeas corpus, reasoning that, because self-representation is disfavored, a "clear and unequivocal" assertion of that right is essential, and that Cain had not made such an assertion.

Although Cain denies that a "clear and unequivocal" invocation is necessary, and says that he satisfied this standard anyway, the antecedent question is: What was wrong with the state court's conclusion? The district judge made a *de novo* decision, never mentioning the holding of the state's appellate court. "Waiver" in criminal law is a fact-specific concept, to which the presumption of correctness in 28 U.S.C. § 2254(d) applies. See *Lewis v. Huch,* 964 F.2d 670, 674–75 (7th Cir.1992); *Sotelo v. Indiana State Prison,* 850 F.2d 1244, 1247 n. 6 (7th Cir.1988); *Perri v. Director,* 817 F.2d 448, 451 (7th

Cir.1987). And § 2254(d) is no less applicable to findings by appellate courts than to findings by trial courts. *Sumner v. Mata*, 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981). Collateral review is not a *repêchage* round in which the loser in one system of courts starts from scratch in another. Neither Cain nor the district judge has provided a reason to disregard the state court's finding that Cain waived his right to conduct his own defense by remaining mute when the court appointed a new lawyer for him and not raising the subject at trial. He had plenty of time to protest but did not, which usually means surrender.

 Only if waiver by conduct (more accurately, forfeiture) is impossible would we need to decide whether Cain's initial request was sufficiently blunt. Some rights linger unless expressly and intelligently repudiated; the right to the assistance of counsel at trial is one of these. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Others must be asserted initially, but once asserted cannot be relinquished in silence; the right to the assistance of counsel during interrogation is among these. *Edwards v. Arizona*, 451 U.S. 477, 484, 101 S.Ct. 1880, 1884, 68 L.Ed.2d 378 (1981); *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990). Because entitlements often conflict, however, and the defendant may have good reason for choosing one entitlement over another, the norm is that the accused must let the court know how he prefers to proceed. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *United States v. Martinez*, 883 F.2d 750 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (1991). Anything else is an effort to sandbag the court and the opposition, to seek an acquittal with an ace up the sleeve to be whipped out in the event of conviction. Cf. *United States v. Busche*, 915 F.2d 1150 (7th Cir.1990); *United States v. Bauer*, 956 F.2d 693 (7th Cir. 1992).

 Representation by counsel and self-representation are mutually exclusive entitlements, in light of the Supreme Court's statement in *McKaskle* that the sixth amendment does not create a right to hybrid representation. 465 U.S. at 183, 104 S.Ct. at 953. Given the rule that only an informed, and ceremonial, waiver surrenders the right to a lawyer at trial, it follows that a silent or equivocating defendant has counsel, and correspondingly forfeits the inconsistent right to represent himself. *Faretta* said as much in remarking that a defendant who wants to proceed unaided must be allowed to do so "[u]nless the accused has acquiesced in such representation". 422 U.S. at 821, 95 S.Ct. at 2534. The implication is clear: defendants forfeit self-representation by remaining silent at critical junctures before or during trial. This is not because, as some courts have suggested, counsel is the preferred right, so that defendants have to be especially articulate or forceful to win the right to represent themselves. *Stano v. Dugger*, 921 F.2d 1125, 1143 (11th Cir.1991) (in banc); *Tuitt v. Fair*, 822 F.2d 166, 177 (1st Cir.1987). The two rights are equivalent; the defendant is entitled to choose without a thumb on the scale; but because counsel is the normal and prudent choice, it is the default outcome.

Cain had only to speak up. Despite having ample time to do so, he kept his counsel (in both senses). Cain's behavior is understandable, because his initial demand to conduct his own defense grew out of dissatisfaction with the public defender. He wanted, and got, a different lawyer. The state court's finding of waiver is not subject to challenge under § 2254(d), so Cain is not entitled to collateral relief.

A̲ffirmed.