989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Will HIGHFILL, Petitioner-Appellant,
v.
Gary R. MCCAUGHTRY, Respondent-Appellee.
 No 92-2199.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 18, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Will Highfill filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that the Wisconsin state trial court's denial of his request to represent himself violated his Sixth Amendment constitutional right to counsel. The district court denied Highfill's petition and we affirm.
 
 I. BACKGROUND
 
 2
 In 1986, Highfill faced criminal charges of threats to injure, false imprisonment, and robbery by use of force, all as party to the crime. Prior to trial, the court granted Highfill's counsel's motion to withdraw, and appointed another attorney. Subsequently, the court heard Highfill's motion to proceed pro se with Al Hegge, a fellow inmate, serving as lay advocate. After his request for lay advocate assistance was denied, Highfill then requested to be allowed to represent himself. The state trial judge conducted an extensive colloquy with Highfill to determine whether in light of Highfill's background and experience his waiver of counsel could be considered knowing and voluntary. At the conclusion of the hearing, the court determined that Highfill was not minimally competent to conduct his own defense. See Pickens v. State, 96 Wis.2d 549, 567-69, 292 N.W.2d 601 (1980) (interpreting Faretta v. California, 422 U.S. 806 (1975) as requiring the trial judge to assess the defendant's competence to conduct a minimally meaningful defense).
 
 
 3
 After exhausting his state remedies,[1] Highfill petitioned for a writ of habeas corpus on the grounds that the state court had relied on an improper standard in denying his request to proceed pro se. The district court analyzed the state trial judge's decision under the four-factor test set forth in United States v. Bell, 901 F.2d 574 (7th Cir.1990), and United States v. Moya-Gomez, 860 F.2d 706 (7th Cir.1988), and denied the petition, reasoning that under all the circumstances and based on the context of the decision the denial was proper.
 
 II. ANALYSIS
 
 4
 Before an accused may be allowed to represent himself, Faretta v. California, 422 U.S. 806, 835-36 (1975), requires that the trial court ensure that the defendant has knowingly and voluntarily waived the Sixth Amendment right to counsel. To ascertain whether a waiver meets these requirements, the court should inquire into the defendant's state of mind in order to ensure that the defendant understood the rights relinquished by waiver. Lewis v. Huch, 964 F.2d 670, 675 (7th Cir.1992). A finding of "waiver" of the right to counsel is considered a fact-specific determination in both a state trial court and a state appellate court, and thus, is entitled to the presumption of correctness on federal habeas review. Cain v. Peters, 972 F.2d 748, 749-50 (7th Cir.1992); 28 U.S.C. § 2254(d). A federal court may not overturn such factual determinations, if the findings are made after a hearing on the merits and are fairly supported by the record. Cain, 972 F.2d at 749; Lewis, 964 F.2d at 671; see also Demosthenes v. Baal, 110 S.Ct. 2223, 2225 (1990). Because the trial judge is in the best position to determine the accused's state of mind when the waiver is made, we defer to the subsidiary factual determinations of the state court's conclusion regarding whether the waiver request was knowing and voluntary. Lewis, 964 F.2d at 675.
 
 
 5
 Upon consideration of the record as a whole, we are satisfied that the state court's factual determination that Highfill did not make a knowing and voluntary waiver is fairly supported by the record. Id.; 28 U.S.C. § 2254(d)(8); see also United States v. Clark, 943 F.2d 775, 781 (7th Cir.1991) (citing United States v. McDowell, 814 F.2d 245, 250 (6th Cir.) (the McDowell court agreed with the Pickens court that something more than simple mental competence is needed for a valid waiver but disagreed that the question of competency was distinguished from the question of whether the waiver was knowing and intelligent)), cert. denied, 484 U.S. 980 (1987). Only after conducting a thorough colloquy did the state court determine that Highfill was incapable of defending himself. Highfill's initial request was to proceed with the assistance of a lay advocate. Within this context, he stated: "I want [Hegge] to assist me. He can take notes and help me arrange the things during the trial, and minor things like that. Help me with the law. I don't feel I'm capable of defending myself by myself." (Oct. 10, 1986, Motion hearing Tr. at 3). After this request was denied, Highfill requested to proceed pro se with the assistance of standby counsel. The trial judge was justifiably concerned about Highfill's prior statement that he would need assistance in defending himself. Finding no convincing argument presented by the petitioner to rebut the presumption of correctness, the state court's decision denying Highfill's waiver of counsel is not subject to challenge under section 2254(d). On these grounds, we AFFIRM the district court's denial of Highfill's petition for habeas corpus relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In an unpublished decision, the state appellate court affirmed Highfill's conviction and refused to reexamine the minimal competence standard. State v. Highfill, 146 Wis.2d 867, 431 N.W.2d 328 (Ct.App.1988). The Wisconsin Supreme Court denied review. Highfill's petition for certiorari to the United States Supreme Court was also denied