**Larry G. HARRIS, Petitioner–Appellant,**

v.

**Jonathan R. WALLS, Warden, Menard Correctional Center, Respondent–Appellee.**

**No. 01–1419.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 2, 2001 *.

Decided Oct. 2, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is sub-mitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before Hon. POSNER, Hon. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

### Order

Larry Harris, who is serving a 65–year sentence imposed by a state court, contends through counsel that his trial attorney violated the Constitution by preventing him from testifying in his own defense. The district judge held an evidentiary hearing, received testimony from Harris and his former lawyer, and found that counsel had not prevented Harris from testifying. Instead, the judge concluded, counsel recommended to Harris that not testifying would be the best tactical decision, and Harris—knowing full well that he could choose to testify—concurred in this recommendation. The judge denied the petition for collateral relief under 28 U.S.C. § 2254.

On appeal counsel representing Harris contends only that the judge's critical finding of fact is clearly erroneous. Such an argument is futile. The judge made a credibility decision, and since no documentary or other powerful evidence contradicts that decision it must stand on appeal. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504 (1985).

Harris himself has filed a supplemental brief making additional arguments. Because a litigant represented by counsel is not entitled to proceed on his own behalf, see *United States v. Oreye*, 263 F.3d 669, 671–672 (7th Cir. 2001); *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992); cf. *Martinez v. Court of Appeal*, 528 U.S. 152, 120 S.Ct. 684 (2000) (no right of self-representation on appeal); we strike this brief. Not that it would have done Harris any good. None of the arguments he sought to present is included in the district judge's certificate of appealability, see 28 U.S.C. § 2253(c)(3), and we decline to enlarge that certificate.

Affirmed; Supplemental Brief Stricken