# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-4324

EDDIE L. BROOKS,

*Petitioner-Appellant*,

v.

GARY R. MCCAUGHTRY, Warden,

*Respondent-Appellee*.

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-C-1481—**William C. Griesbach**, *Judge*.

———————

ARGUED APRIL 5, 2004—DECIDED AUGUST 12, 2004

———————

Before BAUER, POSNER, and DIANE P. WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. Eddie Brooks was convicted in a Wisconsin state court of first-degree murder of a policeman, and related crimes, and was sentenced to life in prison plus 109 years. After exhausting his state remedies in *State v. Brooks*, 607 N.W.2d 290 (Wis. 1999), he sought federal habeas corpus, lost in the district court, and appeals, contending that the Wisconsin trial court deprived him of his federal constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806 (1975). (His other contentions do not merit discussion.)

To prevail, he must show that the state decision of which he complains "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Before his trial began, Brooks was permitted to fire two lawyers who had been appointed in succession to represent him. A third was appointed. The judge warned Brooks that if he fired number three, he would have to represent himself. When the case was called for trial, Brooks moved to dismiss the lawyer (whose motion to withdraw at Brooks's request had been denied) and when the judge denied the motion Brooks punched the lawyer in the face. Two days later, after jury selection, Brooks moved that he be allowed to represent himself. After quizzing him about his educational background and his knowledge of the law, the judge denied the motion.

The judge conceivably could have ruled that Brooks's motion to represent himself was untimely. *Hamiel v. State*, 285 N.W.2d 639, 648-49 (Wis. 1979); *United States v. Kosmel*, 272 F.3d 501, 505-06 (7th Cir. 2001); *Cain v. Peters*, 972 F.2d 748 (7th Cir. 1992). "A person accused of a crime has an absolute right, under the Sixth Amendment, to represent himself only if he asserts that right before trial." *United States v. Washington*, 353 F.3d 42, 46 (D.C. Cir. 2004). Here, the trial had begun, Brooks had already run through three lawyers—suggesting that he might have intended from the get-go to represent himself—and the evidence against him was overwhelming, suggesting that he might be seeking by his latest change of heart merely to disrupt the trial. Yet having told Brooks that if he fired lawyer number three he would have to represent himself, the judge might well have been understood to be giving Brooks until then to decide to represent himself, consistent with cases such as *United States*

*v. Oreye*, 263 F.3d 669, 670-71 (7th Cir. 2001), and *United States v. Irorere*, 228 F.3d 816, 826-28 (7th Cir. 2000). Those cases hold that a defendant who is warned that if he fires his lawyer he'll have to represent himself will, if he does fire the lawyer, be deemed by doing so to have chosen to represent himself. However all this may be, the judge based his denial of Brooks's motion not on timeliness but on competency, and Brooks argues that the ruling deprived him of the right recognized in the *Faretta* case.

He contends that anyone competent to stand trial, as he was, is ipso facto competent to waive counsel. Whether this contention is sound depends on the exact meaning of "competent." It is one thing for a defendant to have sufficient mentation to be able to follow the trial proceedings with the aid of a lawyer, and another to be able to represent himself; and while Brooks clearly had the former, he seems equally clearly to have lacked the latter, if we may judge from his wild behavior and incomprehensible outbursts during the trial. And if he was incompetent to conduct his own defense, this is evidence that his decision to waive counsel was not "knowing and intelligent," as all waivers must be in order to be legally effective. E.g., *Iowa v. Tovar*, 124 S. Ct. 1379, 1387 (2004), *Faretta v. California, supra*, 422 U.S. at 835; *Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938); *United States v. Irorere, supra*, 228 F.3d at 828. A waiver of counsel would make no sense from the defendant's standpoint if he *knew* he was incompetent to defend himself (unless his intent was to disrupt the trial—in which event it would not be an exercise of the right recognized by *Faretta*); and so senseless a waiver could only with difficulty be regarded as knowing and intelligent. That appears to be this case.

But Brooks argues that in *Godinez v. Moran*, 509 U.S. 389 (1993), the Supreme Court held that the standard for competence to stand trial and the standard for competence to

waive counsel are identical, and if his interpretation (which some courts have accepted, e.g., *People v. Welch*, 976 P.2d 754, 774 (Cal. 1999); *State v. Day*, 661 A.2d 539, 548 (Conn. 1995); *State v. Camacho*, 561 N.W.2d 160, 172 (Minn. 1997)) is correct, it might seem to follow that we must order a new trial for Brooks. But we doubt both the premise and the conclusion. The Supreme Court in *Godinez* did reject the idea "that the decision to waive counsel requires an appreciably higher level of mental functioning than the decision to waive other constitutional rights . . . . [A] criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation." 509 U.S. at 399-400 (emphasis in original; footnote omitted). But there is a difference between mental functioning, which is the ability to process information, and the information itself; more information may be required for an effective waiver of the right to counsel than for being able to follow the goings-on at one's trial. And so the Court went on to say that the judge must satisfy himself that the defendant not only has the requisite mental competence to choose whether to represent himself but also knows enough about the consequences of his choice to make it "intelligent and voluntary." *Id.* at 401-02. As we have explained, an effective "waiver of the right to the assistance of counsel *at trial,* the stage of a criminal prosecution most difficult for a layperson to navigate, may require an oral inquiry to ensure that the defendant chooses with knowledge of his entitlements and his eyes open to the dangers of self-representation." *Speights v. Frank*, 361 F.3d 962, 964 (7th Cir. 2004) (emphasis in original).

The Court further said in *Godinez* that "states are free to adopt competency standards that are more elaborate than" the standard laid down for competence to stand trial in *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam), but "the Due Process Clause does not impose these additional requirements." 509 U.S. at 402. The *Dusky* (due process)

standard of competence to stand trial requires that the defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402. Note the assumption that the defendant *has* a lawyer—that he is not trying to represent himself. Self-representation was not the issue in *Dusky*.

Even more important is the distinction between what due process requires and what it permits. In the decision the Supreme Court reversed in *Godinez*, the Ninth Circuit had imposed a *federal* minimum standard of competence for self-representation in state prosecutions that was higher than the *Dusky* standard, and it was this that the Court was disapproving. The reason for disapproving it, we conjecture, was that it might enforce against the states a concept of ineffective self-representation. Suppose the Ninth Circuit's approach (which required that the defendant be capable of a "reasoned choice" to represent himself) required a defendant to be sufficiently skilled and knowledgeable to be able to do a really creditable job of self-representation. Then if a state judge allowed a defendant to represent himself and the defendant screwed up, the state would have to give him a second bite at the apple—a second trial, this time with assistance of counsel whether he wanted it or not. *Cain v. Peters*, *supra*, 972 F.2d at 750; Alan R. Felthous, "The Right to Represent Oneself Incompetently: Competency to Waive Counsel and Conduct One's Own Defense Before and After *Godinez*," 18 *Mental & Physical Disability L. Rep.* 105, 109 (1994). No federal policy, whether found in the due process clause of the Fourteenth Amendment or anywhere else, is offended by a state's adopting a rule that may allow some of its criminal defendants to whipsaw it.

And even if the *standards* for competence to stand trial and for competence to waive the right of counsel are the same,

the existence of an effective waiver need not be automatically deduced from a finding that the defendant is competent to stand trial. This would be obvious if having determined that the defendant was competent to stand trial the judge had asked the defendant whether he wanted a lawyer but had not explained the consequences of going to trial without one. A judge who, having explained the consequences, finds that the defendant doesn't understand them is entitled to conclude that although competent to stand trial, the defendant has not made an effective waiver of his right to counsel and therefore may not represent himself. This result is consistent with *Godinez*.

Wisconsin, as this case illustrates, has set a higher standard for waivers of the *Faretta* right than for competence to stand trial. See also *Commonwealth v. Simpson*, 704 N.E.2d 1131, 1135 n. 5 (Mass. 1999). The Supreme Court of Wisconsin held in *State v. Klessig*, 564 N.W.2d 716, 722-24 (Wis. 1997), that the state's approach, adopted in *Pickens v. State*, 292 N.W.2d 601, 609-11 (Wis. 1980), had survived *Godinez*, albeit with a modification irrelevant to this case. Because being competent to stand trial and having waived the right to counsel do not require the same information, and because the former competence does not imply an effective waiver in all cases, we do not think that Wisconsin's approach violates the rule of *Godinez*.

We may be wrong, but if so Brooks still must lose. Remember that a state court's decision can be struck down in a federal habeas corpus proceeding only if it is contrary to "clearly established" federal law as declared by the Supreme Court. *Godinez* did not *clearly* establish a rule, which is the rule for which Brooks contends, that a defendant found competent to stand trial is automatically entitled to represent himself no matter how deficient his understanding of the consequences of going to trial without a lawyer.

AFFIRMED.

No. 02-4324                                                7

A true Copy:

     Teste:

                             _____

                             *Clerk of the United States Court of*
                                *Appeals for the Seventh Circuit*