# In the
# United States Court of Appeals
## For the Seventh Circuit

—————

Nos. 03-4123 & 04-2358

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

BYRON V. SUTTON,

*Defendant-Appellant.*

—————

Appeals from the United States District Court for
the Northern District of Illinois, Eastern Division.
Nos. 02 CR 1131 & 03 CR 496-1—**Elaine E. Bucklo**, *Judge*.

—————

ARGUED APRIL 4, 2005—DECIDED APRIL 28, 2005

—————

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges*.

ROVNER, *Circuit Judge*. Byron Sutton appeals concurrent 135-month sentences imposed on his guilty pleas to separate indictments charging him with two counts of distributing over 50 grams of crack, 21 U.S.C. § 841(a)(1) (appeal no. 03-4123), and one count of conspiring to distribute crack, *id.* §§ 846, 841(a)(1) (appeal no. 04-2358). Sutton argues that the district court erred by relying on one of two contradictory statements given at his change of plea hearing regarding the weight of the drugs. He further argues, based on *United States v. Booker*, 125 S.Ct. 738 (2005), that the district court

violated the Sixth Amendment because his sentences were increased on the basis of facts that were neither admitted nor proved to a jury beyond a reasonable doubt. Finally, Sutton argues there is a conflict that requires correcting between the oral pronouncement of sentence and the written judgment.

## I.

Sutton pleaded guilty without a plea agreement. At the change of plea hearing, the government proffered that as part of a conspiracy Sutton twice sold 103 grams of crack to an undercover agent, first in October 2002 and then again the following month. When the district court asked Sutton to verify the accuracy of this factual basis, he at first agreed that he sold "103 grams" of crack in October 2002 but moments later characterized the quantity as "three ounces" (roughly 85 grams). Then while discussing the November 2002 transaction Sutton admitted the quantity of crack was "more than 50" grams but denied it was 103 grams.

The probation officer accepted the government's representation that both transactions involved 103 grams, and thus recommended a base offense level of 34 because the total was more than 150 grams but less than 500. *See* U.S.S.G. § 2D1.1(c)(4). The probation officer also recommended a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.

Before sentencing, Sutton's lawyer objected to the omission of a third point for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(b)(2), but did not challenge the drug quantity. Neither did counsel object to the drug amount at the sentencing hearing, but Sutton did. When given the chance to allocute, he advised the court that all along he had been telling counsel that the drug amount for the October 2002 transaction was overstated: "You cannot get that much drug amount with three ounces . . . . Therefore, they overstated

[the] drug amount to put me at level 34." The district judge reviewed the plea transcript and concluded that Sutton in fact had admitted that the October 2002 transaction involved 103 grams of crack. The court did not explain why it disregarded Sutton's inconsistent references to "three ounces" during the same colloquy. The court also found that Sutton had admitted during the plea colloquy that the November 2002 transaction involved more than 50 grams. The total, reasoned the court, thus exceeded 150 grams just based on Sutton's "own words." After then giving Sutton the third acceptance point and calculating the range to be 135 to 168 months, the court imposed the low end, just 15 months above the ten-year minimum mandatory sentence. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). The court also ordered that Sutton repay the $2,500 buy money.

## II.

Sutton gave different answers at his plea colloquy when asked to verify the prosecutor's representation about the quantity of crack involved in the October sale. He thus contends it was error for the district court to rely on the higher of the two amounts at sentencing without explaining its choice.

Drug quantity is a factual finding that we review in the same manner as before *Booker*, for clear error. *United States v. Parra*, ___F.3d ___, 2005 WL 703936, at *8 (7th Cir. Mar. 29, 2005). Under this standard sentencing judges can use a wide range of information in determining drug quantity, provided the information is reliable. *United States v. Westmoreland*, 240 F.3d 618, 630 (7th Cir. 2001). If facts included in the presentence report bear sufficient indicia of reliability, the report itself can serve as a proper evidentiary foundation for the quantity calculation. *United States v. Burke*, 148 F.3d 832, 835 (7th Cir. 1998).

Whether or not Sutton's two estimates of the October 2002 drug quantity can be reconciled, the district court did not commit clear error in choosing 103 grams as the drug amount because an adequate evidentiary basis supports its finding. Sutton wants us to focus on his statements at the plea colloquy, but what controls the analysis is the "entire evidence" before the district court. *United States v. Span*, 170 F.3d 798, 803 (7th Cir. 1999). A guideline adjustment can be sustained on any basis supported by the record, even evidence not relied on by the sentencing judge. *United States v. Benitez*, 92 F.3d 528, 538 (7th Cir. 1996). Although Sutton did not fully endorse the government's factual basis, his assent to the government's calculation was not essential. *United States v. Berthiaume*, 233 F.3d 1000, 1002-03 (7th Cir. 2000). If Sutton's judicial admission was all the sentencing court had to go on, then the ambiguity between "103 grams" and "three ounces" might have significance. Instead, however, the prosecutor informed the probation officer that the crack from the October transaction was taken to a lab for analysis and had a gross weight of 103 grams. The prosecutor further advised that the crack from the November transaction had a gross weight of 153 grams when analyzed. The probation officer verified the prosecutor's account by interviewing the investigating DEA agent. Nowhere does Sutton say why the lab weights aren't ample evidence that the total quantity was at least 150 grams, so his inconsistent statements at the plea colloquy are inconsequential. Thus the district court did not clearly err in basing the upward adjustment on its determination that Sutton distributed more than 150 grams of crack.

Still, says Sutton, his disagreement with the government's proffer during the plea colloquy means that the quantity calculation rests on facts that were neither admitted nor found by a jury beyond a reasonable doubt. He concedes that this constitutional argument under *Booker* was not raised in the district court and thus is reviewable only for

plain error. Under this standard, there must be an error and it must be plain. *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). In addition, the error must affect the defendant's "substantial rights" and "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *see United States v. Esterman*, 324 F.3d 565, 569-73 (7th Cir. 2003).

Any fact other than a prior conviction that increases the maximum penalty established by a jury verdict or a guilty plea must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Booker*, 125 S.Ct. at 756. Here, the judge rather than a jury calculated the drug weight, and given Sutton's inconsistent statements at the plea colloquy, did so on less than proof beyond a reasonable doubt. *See United States v. Fernandez*, 205 F.3d 1020, 1027 (7th Cir. 2000) (vacating guilty plea in part because defendant changed his responses to whether he committed certain acts and the ambiguity was never clarified); *but cf. United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2003) (explaining that an admission is "even better than a jury's finding beyond a reasonable doubt" because an admission "removes all contest from the case."). Accordingly, there was constitutional error that, after *Booker*, is plain. *See Paladino*, 401 F.3d at 481. But we cannot determine whether Sutton's substantial rights were affected without consulting the sentencing judge to determine whether she would have given the same sentence had she known the guidelines were not mandatory. *Id.* at 482. Sutton's sentencing transcript does not suggest that, given extra leeway in sentencing, the district court would have imposed the same sentence. *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Therefore a limited remand under the scheme set forth in *Paladino* is appropriate.

Finally, Sutton argues that there is a conflict between the oral pronouncement of his sentence and the written judgment. At sentencing the government requested that as a

condition of his supervised release, Sutton be ordered to reimburse the $2,500 investigators paid him for the crack. The district court responded: "All right. I will, yes, I will include that." Sutton takes no issue with the court's ruling but instead argues that the written judgment improperly categorizes the $2,500 as restitution. In a section titled "Criminal Monetary Penalties," the written judgment includes three columns with preprinted headings: one for "Assessment," under which is typed $200; a second for "Fine," under which is typed "waived"; and a third for "Restitution," under which nothing is typed. Next to the "Restitution" column the court added a fourth column by typing the heading "Buy money" and then typing "$2,500.00" underneath. Elsewhere in the judgment the court also stated explicitly that the $2,500 was to be repaid as a condition of supervised release. We agree with the government that Sutton simply misreads the judgment; in fact it is entirely consistent with the court's oral pronouncement.

## III.

Sutton's arguments about drug quantity and repayment of the buy money are without merit, but we order a LIMITED REMAND in accordance with *Paladino* and will retain jurisdiction pending the conclusion of further proceedings in the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*