**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 4, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 03-4123 & 04-2358

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　*Plaintiff-Appellee*,<br><br>　　　　*v.*<br><br>BYRON V. SUTTON,<br>　　*Defendant-Appellant*. | Appeals from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division<br><br>Nos. 02 CR 1131 & 03 CR 496-1<br><br>Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

Byron Sutton pleaded guilty to crack conspiracy and distribution charges, and in a prior opinion we rejected his arguments that the district court miscalculated the drug quantity and imposed an illegal restitution award. *United States v. Sutton*, 406 F.3d 472 (7th Cir. 2005). We nonetheless issued a limited remand because as we now know from *United States v. Booker*, 125 S.Ct. 738 (2005), the district court sentenced Sutton in violation of the Sixth Amendment and, despite being limited to plain-error review given that Sutton failed to timely object to the sentencing procedures, we were unable to say "whether Sutton's substantial rights were affected without consulting the sentencing judge to determine whether she would have given the same sentence had she known the guidelines were not

mandatory," *Sutton*, 406 F.3d at 475.  We retained jurisdiction during the limited remand.

In response to our limited remand, the district judge informed us that she cannot represent that she "would have imposed the same sentence" had she known the sentencing guidelines were not binding.  Both parties have filed memoranda commenting on the district court's position, and although the government argues otherwise, we agree with Sutton that, taken in context, the court's statement is an expression of intent to impose a lower sentence given the additional discretion afforded by *Booker*.  Accordingly, we conclude that the concurrent 135-month terms imposed by the district court constitute plain error.  *Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

Sutton's sentences are VACATED, and his cases are REMANDED to the district court for resentencing.