UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 3, 2006

Before

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. KENNETH F. RIPPLE, Circuit Judge

Hon. DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff-Appellee,<br><br>No. 04-2062         v.<br><br>RANDALL E SPRINGEN,<br>      Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Western District of<br>] Wisconsin.<br>]<br>] No. 03 CR 135<br>]<br>] Barbara B. Crabb,<br>]      Chief Judge. |

## O R D E R

Defendant-appellant Randall Springen pled guilty to distributing cocaine. Based on its determination that Springen was responsible for the distribution of seven kilograms of cocaine, the district court calculated a sentencing range of 151 to 188 months and sentenced Springen to 160 months' imprisonment.

In response to the parties' agreed motion, we ordered a limited remand under the terms set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), for a determination whether the district court would have imposed the same sentence had it understood that the guidelines were advisory. After considering correspondence from both parties, the sentencing transcript, and the presentence report, the district court indicated that it would have imposed the same sentence under an advisory guidelines system. We invited the parties to file arguments concerning the reasonableness of the sentences, and both parties have responded.

Springen argues both in his opening brief on appeal and in response to the district court's order on remand that the district court's calculation of the drug quantity amount using a preponderance of the evidence standard was plain error. In particular, he argues that the plain error exists because the quantity evidence was contested, the proof was not overwhelming, and that this type of error affects the fairness and integrity of the judicial proceedings. Springen contends that he should be sentenced based only on the quantity of drugs to which he pled guilty.

The calculation of drug quantity is a factual finding that we review for clear error, the same standard of review as before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Sutton*, 406 F.3d 472, 474 (7th Cir. 2005); *United States v. Parra*, 402 F.3d 752, 762 (7th Cir. 2005). Under this standard sentencing judges can use a wide range of information in determining drug quantity, as long as the information is reliable. *United States v. Westmoreland*, 240 F.3d 618, 630 (7th Cir. 2001). At sentencing, the district court explained that it calculated Springen was responsible for distributing seven kilograms of cocaine based on witness testimony that Springen distributed a quarter kilo a week for seven months. The district court then properly determined that Springen's resulting sentencing range was 151-188 months.

Springen's sentence therefore is within the properly calculated range and entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). In *Paladino*, we explained that where the district court concludes that it would have imposed the same sentence under a discretionary system and provides an appropriate explanation, this court "will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*." *Paladino*, 401 F.3d at 484.

Here, the district court applied the factors of 18 U.S.C. § 3553(a) on remand and explained that "[t]he amount of drugs for which I found him responsible was a very conservative estimate of his dealing over the years." The judge cited to a number of Springen's activities which indicated that he was not motivated to refrain from criminal activity: Springen was "a long-time large scale drug dealer;" he continued to deal drugs even after one of his customers died of an overdose; he approached an undercover police officer and offered to sell her Oxycontin while he was on supervised release; and he threatened the wife of the deceased drug dealer. Accordingly, the district court concluded that a lengthy sentence of 160 months was necessary to reflect the seriousness of the offense, to protect the public from further criminal activity by Springen, and to provide him an opportunity for drug treatment.

Because the district court would have imposed the same sentence post-Booker and his sentence is reasonable, Springen has failed to establish plain error. We therefore AFFIRM the judgment of the district court.