**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 15, 2006
Decided March 27, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2883

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the<br>Western District of Wisconsin. |
| *v.* | No. 04 CR 205 |
| JOHN L. GRIFFIN,<br>*Defendant-Appellant.* | Barbara B. Crabb,<br>*Chief Judge* |

**O R D E R**

John Griffin pleaded guilty to distributing "cocaine base" in violation of
21 U.S.C. § 841(a)(1). The district court found by a preponderance of the evidence
that the cocaine base was in the form of crack and calculated the guideline
imprisonment range using the stiffer penalties applicable to crack. Griffin was
sentenced after the Supreme Court decided *United States v. Booker*, 543 U.S. 220
(2005). The court imposed 130 months' imprisonment to be followed by 36 months'
supervised release. On appeal Griffin argues that the court was required to apply a
beyond-a-reasonable-doubt standard in determining drug type, and that even under
the lower preponderance standard, the government's evidence was inadequate to
establish that he distributed crack. Both contentions are meritless.

The probation officer determined that Griffin personally sold or possessed almost 50 grams of crack during the last four months of 2004. That total is derived from an informant's nine controlled buys plus approximately eight grams Griffin possessed when he was arrested. At sentencing Griffin objected to "the treatment of the cocaine base as crack." Gregory Phillips, a special agent with the Wisconsin Department of Justice, testified that he concluded based on the consistency, color, and price that all of the cocaine base purchased from Griffin was crack. Then Robert Block, the head of the Drug Identification Section at the crime laboratory within the Wisconsin Department of Justice, described three forms of cocaine base—crack, freebase, and liquid. He testified that "crack" is "street language or slang terminology" rather than a scientific term, and that as a consequence crack "can't be defined or described to a reasonable degree of scientific certainty." Yet, based on the physical appearance of the substance Griffin sold the informant, Block testified that it was crack.

The district court said it was "convinced that the substance that Mr. Griffin was dealing" was crack. The judge observed that the informant believed he was purchasing crack from Griffin, and that "he did so at a price that is consistent with the prices charged for crack cocaine." The judge also accepted Agent Phillips's testimony that the cocaine base looked like crack and Block's testimony that the substance was crack because of its physical appearance and because it was not freebase, the only other form of cocaine base with a similar chemical makeup. The district judge then sentenced Griffin at the bottom of the advisory imprisonment range.

Griffin first argues that the government should have been required to prove beyond a reasonable doubt, not by a preponderance, that he dealt crack. He contends that his Fifth Amendment right to due process was violated when his sentence was increased based on the judge's determination, under the lower evidentiary burden, that he distributed crack. He cites *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), for the proposition that because this court "recognizes that there may be non-crack forms of cocaine base, the government must prove beyond a reasonable doubt that Griffin distributed crack cocaine and not simply cocaine base."

Griffin is wrong. Drug type, for purposes of both the statute and the guidelines, is a sentencing factor for the district court to resolve by a preponderance of the evidence. *See United States v. Stott*, 245 F.3d 890, 911 (7th Cir. 2001); *United States v. Horton*, 244 F.3d 546, 551-52 (7th Cir. 2001)*; United States v. Nance*, 236 F.3d 820, 823-24 (7th Cir. 2000); *United States v. Branch*, 195 F.3d 928, 934 (7th Cir. 1999). The Supreme Court's decision in *Booker* had no effect on either the burden of proof or the designated fact finder. *See United States v. Sutton*, 406 F.3d 472, 474 (7th Cir. 2005). Although the government must prove drug type beyond a

reasonable doubt when it seeks an enhanced *statutory* penalty based on the kind of drug, *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Macedo*, 406 F.3d 778, 786 (7th Cir. 2005), Griffin's prison sentence is below the default statutory maximum for any type of cocaine, *see* 21 U.S.C. § 841(b)(1)(C); *United States v. Souffront*, 338 F.3d 809, 826 (7th Cir. 2003). *Edwards*, moreover, does not help Griffin. That case simply reaffirms earlier precedent holding that "cocaine base" as used in 21 U.S.C. § 841(b) means "crack." *Edwards*, 397 F.3d at 577. *Edwards* did not alter the established burdens of proof or allocation of roles between court and jury for purposes of this factual determination.

Next, Griffin argues that even under a preponderance standard the government failed to prove he dealt crack. Drug type determinations are reviewed for clear error. *United States v. Linton*, 235 F.3d 328, 329 (7th Cir. 2000). Sentencing judges have wide latitude in the types of evidence they may consider in making factual determinations affecting a sentence. *United States v. Hankton*, 432 F.3d 779, 790 (7th Cir. 2005). Thus, a sentencing judge may find that a drug sample is crack based on an informant's belief that he was purchasing crack, *see United States v. Booker*, 260 F.3d 820, 824 (7th Cir. 2001), a veteran narcotics agent's testimony that a substance is crack based on its appearance, *see Linton*, 235 F.3d at 329-30; *United States v. Abdul*, 122 F.3d 477, 479-80 (7th Cir. 1997), or the cost for a given weight of drugs, *see United States v. Spiller*, 261 F.3d 683, 687 (7th Cir. 2001).

Here, Griffin argues that Agent Phillips's testimony should be given no weight because he admitted to never having seen cocaine base in any form other than crack and believed that all cocaine base is crack. Phillips's testimony is explained by Block's statement that he had not seen freebase cocaine in more than twenty years. Phillips's testimony was based on twenty years in law enforcement specializing in narcotics cases; it is therefore not surprising that his familiarity with cocaine base would be limited to the crack form. Griffin also contends that Block's testimony should be given no weight because he did not personally conduct chemical analysis on the drug samples, and because, in Griffin's view, Block did not sufficiently explain why he believed the samples were crack. Yet Griffin admitted to distributing "cocaine base," and Block testified that there is no chemical distinction between the various forms of cocaine base, rendering his lack of personal participation in any chemical analysis meaningless for purposes of Griffin's argument. Moreover, we have upheld a finding that a drug sample was crack even absent a chemical analysis. *United States v. Pigee*, 197 F.3d 879, 890 (7th Cir. 1999); *Branch*, 195 F.3d at 934; *see, e.g. United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (chemical analysis not required to prove identity of controlled substance beyond reasonable doubt). Block testified consistently with Phillips, that the drugs Griffin distributed were crack—distinguishable from other forms of

cocaine base. The district court did not err in concluding that Griffin distributed crack.

AFFIRMED