UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 19, 2006
Decided July 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 05-1629

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 04-20005-001 |
| PHILIP W. CARTER, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Philip Carter was charged with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); kidnaping, *id*. § 1201(a)(1); and carrying a firearm during and in relation to a crime of violence, *id*. § 924(c).  A jury found him guilty on all counts. The district court sentenced Carter, an Armed Career Criminal, to concurrent terms of 516 months on the § 922(g)(1) and kidnaping counts, and a consecutive term of 84 months for carrying the gun during the kidnaping.  Carter filed a notice of appeal, but his third court appointed lawyer moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967). We notified Carter that he could respond to counsel's motion, *see* Cir. R. 51(b), but he has not.  Because counsel's supporting brief is facially adequate, we review only

the potential issues it identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Approximately six weeks before trial, Carter's first appointed attorney withdrew due to a conflict of interest, and another attorney, John Taylor, was appointed.  On the first day of trial Taylor informed the court that he had met with Carter twice and was ready to proceed.  Taylor, though, also advised the court that Carter on his own had decided that a competency examination was necessary despite counsel's assessment that he was fit to stand trial.  The court denied Carter's request.  Taylor further informed the court that, against his recommendation, Carter had decided he wanted to represent himself and plead guilty to the § 922(g)(1) charge.  But after the judge explained to Carter the potential consequences of pleading guilty, Carter changed his mind and elected to proceed to trial with appointed counsel.  Then during jury selection Carter twice complained that Taylor had not subpoenaed a witness he had requested.  The court interpreted Carter's complaint as a motion for appointment of substitute counsel and denied it.  Carter renewed this motion on the second day of trial, and the district judge gave him the option of continuing with Taylor or proceeding pro se without a continuance.  Carter refused to choose, so the court denied his motion and proceeded.  Once again, just before closing arguments, the judge provided Carter the opportunity to represent himself, and he responded, "I wish to have the assistance of Mr. Taylor."

The trial evidence was straightforward.  Carter began dating Diana White in 2001, and they lived together in 2002 and 2003.  But Carter became physically abusive, and in January 2004 White obtained a protective order.  Days later while White was staying with her daughter in Kentucky, Carter entered White's room and kidnaped her at gunpoint.  Carter drove the two of them in a U-Haul truck for five days through Kentucky, Missouri, and Illinois.  White testified that Carter raped her during the ordeal and threatened to kill her and her family if she tried to escape.  White was rescued by police when Carter got into a traffic accident and tried to flee the scene.  Two handguns were recovered.

In his *Anders* brief counsel initially focuses on whether Carter might argue that the district court improperly refused a request to represent himself at trial.  The threshold inquiry is whether Carter ever properly asserted the right to self-representation.  A defendant can exercise his Sixth Amendment right to self-representation only by knowingly and intelligently waiving his right to counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975); *United States v. Avery*, 208 F.3d 597, 601 (7th Cir. 2000).  But when the defendant remains silent or equivocates at critical junctures in the trial, and does not effectively communicate a definitive wish to proceed pro se, we will conclude that the defendant forfeited his right to self-representation. *See Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).

Here, on the occasions Carter expressed dissatisfaction with Taylor, Carter ultimately decided to proceed with Taylor's assistance after the district court warned him about the dangers of self-representation. Before trial and again during jury selection Carter stated his desire to proceed with counsel's assistance. And immediately prior to closing arguments, Carter explicitly stated his desire to continue with Taylor as appointed counsel. Even midway through the government's case, when Carter expressed frustration with his appointed counsel's strategy, Carter remained silent when the district court offered to allow Carter to terminate counsel or proceed, thus waiving his right to self-representation. *See Cain*, 972 F.2d at 750. On this record we conclude that Carter never exercised his constitutional right to proceed pro se. Any argument to the contrary would be frivolous.

Counsel also considers whether Carter might argue that his overall sentence is unreasonable. Carter, who had a history of convictions for violent felonies, faced the prospect of life imprisonment on the kidnaping and § 922(g)(1) counts, *see* 18 U.S.C. §§ 924(e), 1201(a), plus a mandatory consecutive term of seven years on the § 924(c) count, *see id*. § 924(c)(1)(A)(ii). Carter's only relevant objection at sentencing was to the application of a six-level increase under U.S.S.G. § 2A4.1(b)(5), which applies if the victim was "sexually exploited." Factual determinations at sentencing are reviewed for clear error. *See United States v. Sutton*, 406 F.3d 472, 474 (7th Cir. 2005). Here the jury necessarily credited White's testimony in order to convict Carter of kidnaping, and she testified that Carter raped her during the kidnaping. The district court could not have committed clear error by likewise crediting White's testimony for purposes of sentencing. Because the district court did not err in calculating Carter's offense level or criminal history score, and sentenced Carter within the advisory imprisonment range of 360 months' to life, his sentence caries a presumption of reasonableness. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court stated that it consulted the sentencing factors outlined in 18 U.S.C. § 3553(a), and counsel has identified no information that would compel the conclusion that the court's choice of sentence is unreasonable. Accordingly, we agree with counsel that it would be frivolous to argue on this record that Carter's overall sentence is unreasonable. *See United States v. Bryant*, 420 F.3d 652, 658 (7th Cir. 2005).

We note that appellate counsel acknowledges that it would be premature to discuss Carter's complaints at trial that attorney Taylor was not providing effective representation. As counsel recognizes, claims of ineffective assistance are better saved for collateral proceedings under 28 U.S.C. § 2255 where the record can be further developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.