## UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

## UNITED STATES COURT OF APPEALS

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 23, 2006
Decided November 27, 2006

*Before*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN C. WILLIAMS, *Circuit Judge*

No. 05-4610

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Northern District of |
| | ] Illinois, Eastern Division |
| | ] |
| v. | ] No. 02 CR 1131 |
| | ] |
| | ] |
| BYRON SUTTON, | ] |
| | ] **Elaine E. Bucklo,** |
| *Defendant-Appellant.* | ] *Judge.* |

## *O R D E R*

Byron Sutton pled guilty to separate indictments charging him with two counts of distributing over 50 grams of crack in violation of 21 U.S.C. § 841(a)(1), and one count of conspiring to distribute crack in contravention of 21 U.S.C. §§ 846 & 841(a)(1). He appealed to this court, arguing that the district court erred in determining the weight of the drugs, that the district court violated his Sixth Amendment rights in increasing his sentence based on facts neither admitted nor proven to a jury beyond a reasonable doubt, and that there was a conflict between the district court's oral pronouncement of sentence and the written judgment such that

the order that he repay $2500 to the government as a condition of supervised release appeared to be set forth as an order of restitution in the written judgment. In *United States v. Sutton*, 406 F.3d 472 (7th Cir. 2005), we rejected the challenge to the drug weight and the contention that the $2500 was characterized as restitution in the judgment, but held that a limited *Paladino* remand was necessary in order for the court to determine whether it would have imposed the same sentence had it known that the Sentencing Guidelines were not mandatory. *See United States v. Paladino*, 401 F.3d 471(7th Cir. 2005). The court responded that it could not conclude that it would have imposed the same sentence, and the case was remanded for resentencing.

The district court then imposed the statutory mandatory minimum sentence for the offenses to which Sutton pled guilty, with those sentences to run concurrently. Counsel for Sutton on appeal now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Sutton has responded with his own brief. *See* Cir. R. 51(b). Counsel's supporting brief is facially adequate, so we limit our review to the issues identified by counsel and those raised by Sutton. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

We agree that there are no nonfrivolous issues for appeal. Counsel for Sutton raises two potential issues. First, he argues that Sutton's offense level should not have been 34 because the trial court erred in concluding that his conduct involved crack cocaine instead of powder cocaine. This argument could have been, but was not, raised on the initial appeal, when Sutton challenged the offense level arguing that the court erred in determining drug quantity. Even if we were to consider it, however, it is without merit. Sutton pled guilty to knowingly and intentionally distributing a mixture containing cocaine base commonly referred to as crack. Moreover, in his testimony at the plea hearing, he admitted that the transactions involved crack cocaine. Although he also discusses the sale of powder cocaine, that was consistent with the government's recitation of facts that it would prove at trial, which consisted of crack cocaine transactions as well as powder cocaine transactions. The crack cocaine transactions form the basis for the guilty pleas in this case, and there is no conflict in the record as to the presence of crack cocaine as opposed to powder cocaine. Accordingly, there is no nonfrivolous basis to appeal the offense level.

The second issue raised by counsel for Sutton is whether trial counsel rendered ineffective assistance in failing to argue that the 120-month sentence was unconstitutional because of the significant disparity between the base offense levels for crack cocaine and powder cocaine. We generally do not consider ineffective assistance claims on direct appeal, as they often involve facts outside the record that cannot be developed on direct appeal. This discrete issue, however, is a purely legal one. The argument as to the constitutionality of the disparity between crack cocaine sentences and powder cocaine sentences has long been rejected. *See United States v. Westbrook*, 125 F.3d 996, 1010 (7th Cir. 1997) (noting that "[s]ince our first consideration of the issue in *United States v. Lawrence*, 951 F.2d 751, 753-56 (7th Cir. 1991), this court has consistently held that the disparity of the penalty structure imposed by the Guidelines between cocaine base and cocaine powder is constitutional."); *United States v.*

*Miller*, 450 F.3d 270, 275 (7th Cir. 2006) (upholding relevance of the disparity post-*Booker*).  It is not ineffective assistance to fail to raise a futile argument.

Accordingly, we agree with counsel for Sutton that the proposed issues for appeal have no merit.  Sutton has added a few issues for this court's consideration.  First, he argues that the district court erred in ordering restitution.  This restitution argument was already rejected by this court on the direct appeal, and therefore it would be frivolous to raise it again.  *See United States v. Sutton*, 406 F.3d 472, 475-76 (7th Cir. 2005) (holding that Sutton misreads the judgment in characterizing it as a restitution order, and that the language makes clear the $2500 was to be repaid as a condition of supervised release).  Sutton further argues that counsel on appeal failed to identify appealable issues generally, pointing to the restitution issue as an example.  We have already held that the restitution issue is frivolous.  There are no apparent meritorious issues for appeal.  Sutton pled guilty to the charges, and in the plea hearing he acknowledged that the statutory mandatory minimum sentence for the offenses was 120 months.  That is the sentence he received, and the sentences were to run concurrently.  Sutton has never attempted to withdraw that guilty plea, and he received the lowest possible sentence under the statute.  The district court was without discretion to sentence below the mandatory statutory minimum, and there is no nonfrivolous challenge as to the imposition of that sentence.  *See generally United States v. Jones*, 418 F.3d 726, 730-32 (7th Cir. 2005).  As there are no nonfrivolous  issues for appeal, the motion to withdraw is granted and the appeal is dismissed.