NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013[*]
Decided March 29, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-1087

| | |
|---|---|
| ROBERT D. FLETCHER, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-266-GPM |
| | |
| RICK HARRINGTON, Acting Warden, | G. Patrick Murphy, |
| *Respondent-Appellee*. | *Judge*. |

**ORDER**

Robert Fletcher, an Illinois prisoner serving a sixty-year sentence for the murder of Brian Warr, appeals the denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus based on the finding that many of his claims were procedurally defaulted. We issued a certificate of appealability on six questions, only one of which Fletcher addressees here—whether his trial counsel was ineffective for failing to raise violations of his right to a speedy trial. We also directed the parties to address whether Fletcher procedurally

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

defaulted review of these issues, and whether the district court wrongly denied him the opportunity to respond to the state's arguments. We now affirm.

After a jury convicted Fletcher of first-degree murder, the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied leave to appeal. The trial court denied Fletcher's subsequent petition for postconviction relief; the Appellate Court affirmed, and the Supreme Court denied leave to appeal.

Fletcher then filed a § 2254 petition raising the claims that we certified for appeal, among others. Fletcher acknowledged that he did not present these claims to the state courts, but asserted that he was not aware of the underlying facts until after he had filed his state postconviction petition. The state responded that Fletcher procedurally defaulted his claims by not raising them in the postconviction filing.

While the federal petition was pending, Fletcher returned to state court and sought leave to file a successive postconviction petition. Noting that he wanted to raise the six unexhausted issues in his federal petition, he asserted that his lack of access to the trial record upon filing his first postconviction petition prevented him from learning that his trial counsel had moved for continuances rather than mounting a speedy-trial challenge. The state trial court ruled that Fletcher had not made the requisite showing of cause and prejudice and denied leave to file a successive petition; the Illinois Appellate Court and Supreme Court declined to disturb the ruling.

Back in federal court, Fletcher amended his petition and the state answered, again raising a procedural-default defense. On the date that the reply brief was due, Fletcher's counsel sought permission to file a brief longer than the ten-page limit set by the court; the court denied the request, and counsel filed nothing at all. Four days later Fletcher tried to submit a pro se reply, but the court struck the filing on grounds that he already was represented by counsel. The court eventually ruled that Fletcher had defaulted the claims raised for the first time in his second state postconviction petition, and denied the remaining claims on their merits.

On appeal Fletcher denies that the six claims are procedurally defaulted and asserts that the district court denied him the opportunity to excuse the defaults. He says he was not allowed to reply to the state's procedural-default defense because both his attempt and that of his lawyer to file a reply brief were thwarted by the district court.

Granting deference to the district court's role in supervising litigation, *Pierce v. Underwood*, 487 U.S. 552, 558 n.1 (1988); *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995), we cannot say that the court abused its discretion by enforcing announced briefing page limits,

especially given the timing of Fletcher's lawyer's eleventh-hour request to file a longer brief, *see Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 536, 539 (7th Cir. 2011); *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451–52 (6th Cir. 2008); *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007). As for Fletcher's self-authored brief, he was not entitled to file his own submission as long as he was represented by counsel; indeed, such hybrid representation is prohibited. *United States v. Oreye*, 263 F.3d 669, 672–73 (7th Cir. 2001); *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).

Even if we were to consider the substance of the proposed reply briefs (Fletcher's lawyer's was attached to a motion to reconsider), Fletcher cannot show cause to excuse the procedural default of his ineffective assistance claim for failing to assert a speedy-trial violation (the only claim he presses in his appellate brief). If he indeed did learn only later that his trial counsel had moved for a continuance rather than raise a speedy-trial challenge, he either knew or should have known that he was not tried within 120 days of being taken into custody—the limit set by Illinois statute, 725 ILCS 5/103-5(a); *see also People v. Hall*, 743 N.E.2d 521, 534–35 (Ill. 2000). Because he knew (or should have known of) the facts forming the basis of this claim, Fletcher cannot show cause for not timely raising an ineffective assistance claim. *See Holleman v. Cotton*, 301 F.3d 737, 746–48 (7th Cir. 2002).

AFFIRMED.